# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KA-00838-COA

**RODERICK TAYLOR A/K/A RODRICK TAYLOR A/K/A RODERICK KENYATTA TAYLOR SR. A/K/A GEORGE WILSON A/K/A RODERICK FLINSTONE TAYLOR A/K/A RODERICK K. TAYLOR A/K/A RODERICK KENYATTA TAYLOR A/K/A RODRICK K. TAYLOR**                     APPELLANT

v.

**STATE OF MISSISSIPPI**                     APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/18/2017 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | ROBERT SHULER SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 01/22/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, C.J., WILSON AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.    Roderick Kenyatta Taylor was charged with aggravated domestic violence, which is a charge for assault under Mississippi Code Annotated section 97-3-7(4) (Rev. 2014), in the Circuit Court of Hinds County.  Taylor's first jury trial resulted in a mistrial; however, Taylor's second trial resulted in a conviction.  Taylor was sentenced to life without eligibility

for parole as a habitual offender in the custody of the Mississippi Department of Corrections (MDOC). Taylor filed a motion for a judgment notwithstanding the verdict (JNOV), or in the alternative, for a new trial, which the trial court denied. Taylor appeals. After our review of the record, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. After attending to a motor-vehicle accident on Bailey Avenue, on January 8, 2016, Jackson Police Officer Sam Dukes noticed Melanie Waddell nearby. Officer Dukes testified that dispatch notified him of a white female in distress in that particular area. Officer Dukes approached Waddell and noticed that she was in disarray, sweating profusely, and badly bruised. Waddell informed Officer Dukes that she had been involved in a physical altercation with her husband, Taylor.

¶3. An ambulance arrived to transport Waddell to the hospital for treatment. While there, Waddell was questioned by Detective Ellas Thomas. Detective Thomas testified that Waddell informed her that Taylor had beaten her because she was leaving him and filing for a divorce. Waddell also informed Stephanie Horn, a crime-scene investigator with the Jackson Police Department, that Taylor had beaten her with a pole or wall level, kicked her, and hit her in the face. Waddell also maintained that several of her injuries were sustained while Taylor was beating her in a car.

¶4. While being questioned by the police, Taylor admitted to being involved in a physical altercation with Waddell. Taylor was arrested and charged with aggravated domestic

2

violence. At the first trial, Waddell maintained that she was assaulted by two women in a park and not by Taylor. Although Taylor's first trial resulted in a mistrial, Taylor's second trial resulted in a conviction. Subsequently, Taylor filed a JNOV motion, or in the alternative, for a new trial, which the trial court denied. Taylor appeals.

## DISCUSSION

### I. Admissibility of Prior Bad-Acts Evidence

¶5. Taylor asserts that the trial court erred in admitting evidence of his prior bad acts under Mississippi Rule of Evidence 404(b) through the testimony of Lona Clay, his former paramour, and through the State's closing argument. "Our well-established standard of review for the trial court's admission or suppression of evidence, including expert testimony, is abuse of discretion." *Tunica County v. Matthews*, 926 So. 2d 209, 212 (¶5) (Miss. 2006) (citing *Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 34 (¶4) (Miss. 2003)).

¶6. Rule 404(b) provides that:

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

M.R.E. 404(b).

#### A. Lona Clay's Testimony

¶7. After Clay's testimony was proffered, Clay stated that she and Taylor were involved in a relationship until she discovered that Taylor was married. After she broke off their

relationship, Clay testified that Taylor broke a window, entered her home, and violently attacked her. Taylor was later convicted of aggravated domestic violence. The State maintained that Clay's testimony would only be offered to prove motive, preparation, or plan under Rule 404(b). The trial court agreed and relied on our supreme court's decision in *Johnson v. State*, 204 So. 3d 763 (Miss. 2016). In *Johnson*, the supreme court reversed this Court's ruling and held the defendant's prior bad acts were admissible under Rule 404(b) because they "showed 'intent, motive, and plan' because the prior assaults all were against women, where he was the aggressor and he had initiated the contact." *Id*. at 769 (¶17).

¶8.     Taylor argues that the trial court's application of *Johnson* is incorrect because he did not claim self-defense like the defendant in *Johnson*. However, the trial court here and in *Johnson* found that other noncharacter purposes had been given to support the admission of prior bad-acts evidence under Rule 404(b).

¶9.     Clay testified that once she rejected Taylor, he became violent. Clay's testimony evinced a motive, intent, and a plan. Detective Thomas testified that Waddell stated that she was filing for a divorce from Taylor. As a result, Taylor became upset and violent with Waddell. Accordingly, we find that the record reflects that the State introduced the prior bad acts for noncharacter purposes to show motive, intent, and a common scheme or plan.

¶10.    But, Taylor maintains that Clay's testimony was offered to show his propensity to commit the act versus noncharacter purposes. Our supreme court has ruled that the fact that evidence was offered for noncharacter purposes but bore some reflection on the defendant's

character did not bar its admissibility under Rule 404(b). *See Green v. State*, 89 So. 3d 543, 550-51 (¶17) (Miss. 2012); *see also Gore v. State*, 37 So. 3d 1178, 1187 (¶21) (Miss. 2010) (finding no abuse of discretion in admitting evidence of prior bad acts under the Rule 404(b) exceptions where the evidence presented facts that were substantially similar to the case at hand).

¶11.     Additionally, Taylor contends that even if the prior bad acts were admissible under Rule 404(b), their probative value was outweighed by their prejudicial effect under Rule 403. "Mississippi Rule of Evidence 403 gives the trial court the discretion to prevent the admission of otherwise relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Johnson*, 204 So. 3d at 769 (¶18).

¶12.     Here, we find that the trial court correctly applied Rule 403 to the prior-acts evidence. The trial court found that Clay's testimony was very akin to what happened in this case and that the probative value of Clay's testimony was not substantially outweighed by the danger of unfair prejudice, nor was it confusing or misleading to the jury. The trial judge also instructed the jury that Clay's testimony was admitted to show a motive, intent, or a plan. Accordingly, we find no error.

### B.    State's Closing Argument

¶13.     Taylor maintains that he was denied a fair trial because of prosecutorial misconduct

during closing argument. Taylor alleges that the prosecutor's statement during her closing argument admitted improper character evidence.

¶14. The following is an excerpt from the State's closing argument:

> Detective Thomas testified that the motive for this assault was that Mr. Taylor had found out that Ms. Waddell had been seen in a car on New Years Day with her ex-boyfriend.
>
> That Ms. Waddell was trying to leave Mr. Taylor.
>
> Whether she was filing for divorce, or already filed for divorce, that is what Ms. Waddell told the detective.
>
> He found out about that, and he violently attacked her. He beat her because of that. And in that moment when she was crying and frantic, and it just happened, she didn't have time to come up with this story about these women. She didn't have time to think about all of that. She needed help. All she had time to do was get help, tell the police what she needed to do to get help; to get away from her abuser.
>
> And we also know that he reacts like this often or has before. Because you heard the testimony of Ms. Lona Clay.

¶15. Taylor then objected and stated that the State's last comment was improper character evidence. The State maintained that the statement regarding Taylor's reactions went toward his plan was to attack Waddell and the defense interrupted before that point could be made. The trial court overruled the objection and found that the State's argument was appropriate.

¶16. The Supreme Court has long held that "the prosecutor[']s remarks are viewed in light of the entire trial." *Havard v. State*, 928 So. 2d 771, 791 (¶35) (Miss. 2006). After reviewing the record, we cannot find that the actions of the State constituted prosecutorial misconduct. The trial court found that Clay's testimony was admissible under Rule 404(b).

6

As a result, the record reflects that the State simply reiterated the point that Clay's evidence was admitted to show "intent, motive, and plan" to attack Waddell for threatening to leave him. Therefore, this issue is meritless.

## II.    Leslie Payne's Expert Testimony

¶17.    Taylor also maintains that the trial court erroneously admitted the testimony of Leslie Payne as an expert in domestic violence. Taylor asserts that Payne was not properly qualified as an expert under *Daubert*[1] and *McLemore* and that her testimony was irrelevant because it was not connected factually to the case. We have previously held that "the admission of expert testimony is governed by Rule 702 of the Mississippi Rules of Evidence and [caselaw], specifically *Mississippi Transportation Commission v. McLemore*, 863 So. 2d 31 (Miss. 2003)." *Carter v. State*, 996 So. 2d 112, 116 (¶13) (Miss. Ct. App. 2008). Rule 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

M.R.E. 702.

¶18.    Moreover, "the admission of expert testimony is within the sound discretion of the trial judge." *Carter*, 996 So. 2d at 116 (¶13) (citing *McLemore*, 863 So. 2d at 34 (¶4)).

---

[1] *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993).

"Therefore, the decision of a trial judge will stand unless we conclude that the decision was arbitrary and clearly erroneous, amounting to an abuse of discretion." *Id.* (internal quotation marks omitted).

¶19. "[T]he trial court must [also] engage in a two-pronged inquiry, determining whether the expert testimony rests on a reliable foundation and is relevant to the matter." *Worthy v. McNair*, 37 So. 3d 609, 615 (¶16) (Miss. 2010) (emphasis omitted). Furthermore, "[r]egarding the 'reliability' prong . . . the testimony must be grounded in the methods and procedures of science, not merely a subjective belief or unsupported speculation." *Id*. (citing *McLemore*, 863 So. 2d at 36 (¶11)); *see also Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579, 590 (1993).

¶20. During the *Daubert*[2] hearing, Taylor objected to Payne's qualification as an expert witness because she had insufficient contact with Waddell and Taylor to render an opinion. But it also appears from the record that Taylor did not think that Payne had enough experience and training to be accepted as an expert witness in the trial court.

¶21. Payne is the executive director of the Care Lodge Violence Shelter and has worked with domestic-violence victims for 24 years. Payne testified that she has worked with between 8,000 and 10,000 domestic-violence victims and that she was trained in using a nationally recognized educational model for men who batter women. Payne has an

---

[2] The trial court noted that a full *Daubert* hearing was not conducted and noted that "a full-scale *Daubert* hearing is not required when an expert witness proffers an 'off-the-cuff' opinion . . . ." *Edmonds v. State*, 955 So. 2d 787, 792 (¶10) (Miss. 2007).

undergraduate degree in criminal justice and a Master's degree in counseling and psychology. Payne was also qualified to testify once before as a domestic-violence expert in the Tribal Court of Neshoba County.

¶22.    The trial court accepted Payne as an expert witness.  But, Payne's testimony was limited to theories regarding domestic abuse, women commonly recanting, and the relationship between victims and their abusers.[3]  The trial court found that Payne's testimony was relevant and was based on Waddell's recantation of her story that Taylor was her attacker.  Further, Payne reviewed the transcripts and police reports from the trials.  The Mississippi Supreme Court has held that "[a]n opinion is based on 'scientific, technical, or other specialized knowledge' if 'the witness must possess some experience or expertise beyond that of the average randomly selected adult' to express the opinion." *Chaupette v. State*, 136 So. 3d 1041, 1046 (¶8) (Miss. 2014).  Therefore, Taylor's argument that Payne's expert opinion should not be accepted because she did not meet with Waddell or Taylor is incorrect.  "Like the Federal Rules, our rules grant wide latitude for experts to give opinions even when the opinions are not based on the expert's firsthand knowledge or observations." *McLemore*, 863 So. 2d at 39 (¶23).

¶23.    Accordingly, we find that the trial court properly accepted Payne as an expert witness and limited her testimony to whether victims later recant their stories.  Therefore, we find no

---

[3] The trial court also determined that Payne could not testify that Waddell suffered from "Battered Woman's Syndrome" because she had not spoken with Waddell and there was not enough of a foundation to apply that theory to Waddell.

abuse of discretion.

¶24.    As a result, we affirm the denial of Taylor's JNOV motion or motion for a new trial.

¶25.    **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WILSON, GREENLEE AND TINDELL,  JJ., CONCUR.  McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**